UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00437-RJC-DCK

| | |
|---|---|
| THOMASINA COFIELD GEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHARLOTTE MECKLENBURG BOARD ) | |
| OF EDUCATION, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on multiple motions in Gean v. Charlotte Mecklenburg Bd. Of Ed., et al., 3:18-CV-437-RJC-DCK ("the '437 case") and Gean v. Charlotte Mecklenburg Bd. Of Ed., et al., 3:18-CV-637-RJC-DCK ("the '637 case"); the parties' briefs and exhibits on those motions; the Memorandum and Recommendation ("M&R") of the United States Magistrate Judge, ('437, Doc. No. 40; '637, Doc. No. 36), addressing all pending motions and recommending that the Court grant Defendants' motions to dismiss and consolidate and deny the remaining motions; Plaintiff's Objections to the M&R; and Defendants' Responses in Opposition to Plaintiff's Objections.

I.  **LEGAL STANDARD**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."

1

28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## II. DISCUSSION

Even construing Plaintiff's Objections liberally, Plaintiff has done nothing more than regurgitate factual averments and summary assertions she previously asserted in numerous, redundant filings.[1] The Court already considered the

---

[1] For example, Plaintiff begins her Objections with the following statement: "Subject matter does exist see EEOC V Target. Please review what I submitted about this in one of my previous responses." (Doc. No. 41 at 1). Because Plaintiff only makes general and conclusory assertions that do not direct the Court to a specific error in the M&R, de novo review of the record was not required. Orpiano v. Johnson, 687 F.2d at 47. However, wide latitude is extended to the pleadings of pro se

2

arguments raised in Plaintiff's Objections and found them unpersuasive.[2] Plaintiff seems to only dispute the suggested outcome of the M&R: dismissal of her case. Filing objections such as these frustrates the purpose of the initial referral of motions to the Magistrate Judge. Nevertheless, the Court has conducted a de novo review of the M&R. After an independent review of the M&R, Plaintiff's Objections thereto, and a de novo review of the record, the Court concludes that the recommendation to grant the motions to dismiss and consolidate and deny the remaining motions is in accordance with law.

## III. CONCLUSION

**IT IS THEREFORE ORDERED THAT:**

(1) The Magistrate Judge's M&R, ('437, Doc. No. 40; '637, Doc. No. 36), is **ADOPTED**;

(2) Defendants' Joint Motion to Consolidate this case with 3:18cv637, ('437, Doc. No. 27), is **GRANTED**. Case No. 3:18-CV-637-RJC-DCK is now **CONSOLIDATED** with the earlier filed 3:18-CV-437-RJC-

---

litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (directing courts to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"), and accordingly, the Court has conducted a de novo review.

[2] In fact, as the M&R notes, Plaintiff previously filed an action with this Court similar to the pending cases. See Gean v. Charlotte Mecklenburg Schools, 3:15-CV-275-RJC-DCK, 2017 WL 3405108 (W.D.N.C. Mar. 3, 2017), adopted by 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017) (hereinafter referred to as "the '275 case"). The Court dismissed all of Plaintiff's claims in the '275 case. Gean, 2017 WL 3402963 at *2.

DCK;

(3) Defendant Charlotte-Mecklenburg Board of Education's Motion to Dismiss Plaintiff's Complaint, ('437, Doc. No. 3), is **GRANTED**;

(4) Defendant Classroom Teachers Association of North Carolina's Motion to Dismiss Plaintiff's Complaint, ('437, Doc. No. 7), is **GRANTED**;

(5) Defendant EEOC's Motion to Dismiss, ('437, Doc. No. 15), is **GRANTED**;

(6) Plaintiff's Motion for Default Judgment, ('437, Doc. No. 14), is **DENIED AS MOOT**;

(7) Plaintiff's Motion to Amend Complaint, ('437, Doc. No. 32), is **DENIED**;

(8) Plaintiff's Motion to Strike, ('437, Doc. No. 35), is **DENIED AS MOOT**;

(9) Defendant EEOC's Motion to Dismiss, ('637, Doc. No. 2), is **GRANTED**;

(10) Defendant Classroom Teachers Association of North Carolina, Inc.'s Motion to Dismiss Plaintiff's Complaint, ('637, Doc. No. 4), is **GRANTED**;

(11) Plaintiff's Motion for Default Judgment, ('637, Doc. No. 21), is **DENIED AS MOOT**;

4

(12) Plaintiff's Motion to Amend Complaint, ('637, Doc. No. 22), is **DENIED**;

(13) Plaintiff's Motion to Strike, ('637, Doc. No. 29), is **DENIED AS MOOT**;

(14) Plaintiff's Motion to Strike, ('637, Doc. No. 30), is **DENIED AS MOOT**;

(15) All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Plaintiff is **forewarned** that the filing of any subsequent lawsuits in this Court based on the same set of facts and allegations in this matter (i.e., the '437 case), the '637 case, and the '275 case may result in the Court issuing a **prefiling injunction**; and

(16) The Clerk of Court is directed to close this case.

Signed: August 6, 2019

Robert J. Conrad, Jr.
United States District Judge